UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 06-341 (RMC) |
| | : | |
| **KEITH ODLE,** | : | |
| Defendant. | : | |

## GOVERNMENT'S NOTICE OF PLEA AGREEMENT

The United States of America, through its attorney, the United States Attorney for the District of Columbia, notifies the court that the parties have reached the attached plea agreement.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


Darlene Soltys
Assistant United States Attorney
DC Bar # 431-036
Organized Crime and Narcotics Section
555 4th Street, N.W. –
Washington, D.C. 20001
(202) 514-8147


John P. Dominguez
Assistant United States Attorney
DC Bar # 959809
Organized Crime & Narcotics Section
555 4th Street, N.W. – Room 4247
Washington, D.C. 20001
(202) 514-7060
Fax: 202-514-8707

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the following defendants on this __1st day of December, 2006.

                                                                     _____

                                                                      John P. Dominguez
                                                                      Assistant U.S. Attorney

Case 1:06-cr-00341-RMC    Document 2    Filed 12/01/2006    Page 2 of 2



**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 9, 2006

Barry J. Pollack, Attorney
and
Dawn E. Murphy-Johnson
Collier Shannon Scott PLLC
3050 K Street, N.W.
Washington Harbour - Suite 400
Washington, D.C. 20007
tel. (202) 342-8472
fax: (202) 342-8451

Re: United States v. *Keith Odle*,
Criminal Number, 04-128(RMC)

Dear Mr. Pollack and Ms. Murphy-Johnson:

This letter confirms the agreement between your client, *Keith Odle*, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**Defendant's Obligations, Acknowledgments and Waivers:**

1. Your client, *Keith Odle*, agrees to admit guilt and enter a factual plea of guilty to a superseding criminal information charging Count One, a narcotics conspiracy, and Count Two, a racketeering conspiracy, in violation of 21 U.S.C. §841(b)(1)(B) (iv) for more than 100 grams of a mixture and substance containing a detectable amount of PCP, and 21 U.S.C. §841(b)(1)(B)(iii) for 5 grams or more of cocaine base. This new criminal information reduces the maximum possible penalties and the statutory mandatory minimum penalties otherwise applicable. In order to implement the terms of this agreement, the Government will withdraw the notice of intent to seek enhanced penalties (Document 659) filed on September 22, 2006.

NOV-09-2006 16:07        US ATTORNEY'S OFFICE                    202 616 2296   P.03/18

a. Count One of the proposed superseding criminal information charges your client with conspiracy to distribute and possess with intent to distribute 100 grams or more of mixtures and substances containing a detectable amount of phencyclidine, ecstasy, and 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iv), 841(b)(1)(B)(iii) and 846. This offense carries a statutory mandatory minimum term of imprisonment of not less than 5 years and a maximum possible sentence not more than 40 years in prison, a fine not greater than $2,000,000, and a term of supervised release of at least 3 but not more than 5 years.

b. Count Two of the proposed superseding criminal information charges your client with conspiracy to engage in racketeering in violation of 18 U.S.C. §1962(d). The count charges your client with conspiring with others to commit and participate in the commission of a number of crimes known as overt acts, that are described in the indictment, to further a racketeering enterprise. Your client understands that pursuant to 18 U.S.C. §1963(a), the offense of conspiracy to engage in racketeering as reflected in the superseding criminal information, carries a statutory maximum sentence of up to forty years in prison, a maximum fine of $250,000 or twice the value of the gross proceeds generated by the racketeering enterprise, whichever is greater, and a period of supervised release of at least 3 but not more than 5 years, following any period of imprisonment.

In addition, your client agrees to pay a special assessment, pursuant to 18 U.S.C. §3013, of $200,($100 for each felony count of conviction) to the clerk of the U.S. District Court. Your client further understands that the United States Sentencing Guidelines Manual (U.S.S.G. Manual) will apply to determine your client's guideline range, but that such guidelines are advisory and no longer mandatory. Your client further understands that pursuant to Section 5E1.2 of the U.S.S.G. Manual, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2. Your client agrees and will acknowledge at the time of the plea of guilty, that pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for between 700 grams and one kilogram of mixtures and substances containing a detectable amount of phencyclidine, also known as PCP, at least 5 grams of cocaine base, also known as crack cocaine, and at least one kilogram of Ecstasy, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators which was jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement. The parties reached this stipulation pursuant to §6B1.4 of the U.S.S.G. Manual to resolve any dispute regarding the amount of drugs involved in the conspiracy attributable to your client, because your client was incarcerated since December 16, 2002, during the latter stages of the conspiracy and the conspiracy distributed over 30 kilograms of PCP.

2

### Rule 11(c)(1)(C) Offer Involves a Sentencing Range of 10-16 years

3. a. If the terms are agreeable to your client, the Government agrees to sponsor such an agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Such procedure allows the presiding judge to review the terms of the agreement and to agree to impose a sentence agreed upon by the parties. Of course, if the presiding judge rejects the terms of the agreement, then neither party is bound to proceed with the terms of the agreement. The proposed Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, sentence for your client binds the court to impose a sentence within a **range of 10 to 16 years**, effective December 16, 2002. This assures that your client receives credit for time served.

b. The sentence for each count of conviction is to run concurrently with each other and may run concurrently with the undischarged term of imprisonment imposed in Cr. 02-656 (AW).

c. Your client acknowledges that this sentence is possible only if the Government withdraws the notice of sentencing enhancement previously filed pursuant to 21 U.S.C. §851, Document 659, filed 9/22/2006, which otherwise would subject the defendant to a statutory mandatory sentence of life in prison without possibility of parole for a conviction of count one, in the indictment filed October 19, 2005, the narcotics conspiracy. Withdrawal of the notice of enhancement reduces the statutory mandatory minimum sentence for the superseding criminal information to five years, which is below the agreed upon sentencing range in this Rule 11(c)(1)(C) plea agreement.

### Rule 11(c)(1)(C) Justification.

4. This plea agreement contemplates that the Government will ask for a sentence to be imposed within the range specified in paragraph 3 above, and assures that the sentence selected as the appropriate sentence will run concurrently with the firearm sentence previously imposed. This agreement serves the ends of justice by holding the defendant accountable for the criminal conduct that he committed by participating in this conspiracy, by proposing a guideline range that is derived by considerations of relevant drug trafficking amounts for which the defendant had actual or reasonably foreseeable knowledge in the conspiracy, eliminating the necessity of a jury trial which is estimated to be four months, and because the proposed sentencing guideline range in this agreement encompasses the projected sentencing guideline range of between 131-178 months (see paragraph below).

### Guideline Projections

5.a. The parties agree that your client is responsible only for between 700 grams and one kilogram of a mixture and substance of a detectable amount of PCP distributed in the course of the conspiracy since your client was arrested and incarcerated on December 16, 2002, and he should not be held accountable for the total 30 kilograms or more of PCP distributed during the course of the conspiracy. The ordinary offense level adjustments become irrelevant because the U.S.S.G. Manual

3

treats your client as a career criminal. He has two or more drug trafficking felony convictions and faces a statutory maximum possible sentence of more than 25 years but less than life in prison as charged in the superseding criminal information. §4B1.1(b)(B). Consequently, he receives a base offense level of 34, and a criminal history category VI. The parties contemplate that your client will receive a downwards adjustment of -3 for early acceptance of responsibility under §3E1.1. This results in an adjusted offense level of 31 and a criminal history category of VI and a projected guideline sentencing range of 188-235 months.

5.b. The range should be adjusted downwards for 57 months of imprisonment already imposed and undischarged, resulting in a range of 131-178 months. §5B1.3(b), Application Notes 2(C) and (D) and 3(E). These provisions are applicable because your client is serving an undischarged term of imprisonment, possession of a firearm by a convicted felon, imposed in the U.S. District court of Maryland, Southern Division, Cr. 02-565(AW) with prison time calculated from December 16, 2002, the date of his arrest in that offense. That offense constitutes other relevant conduct to the instant offenses of conviction and requires that such guideline sentences "shall" be adjusted for the period of undischarged term of imprisonment already served. U.S.S.G. Manual, §5G1.3(b). In the alternative, the court could select a sentence within the Rule 11(c)(1)(C) range as the appropriate sentence and to minimize the burdens of calculating the time remaining in the term of undischarged imprisonment at the date of imposition of this sentence, simply impose that sentence to run concurrently with the sentence in Cr. 02-565(AW), effective December 16, 2002. If the court selected for example, 10 years as the appropriate sentence, imposition of that sentence concurrently with Cr. 02-565(AW), from December 16, 2002, would comply with the provision of §5B1.3(b) without the need for any additional calculations of the amount of time remaining in the undischarged term of imprisonment that he is already serving. In effect, such a sentence would result in the defendant serving approximately five more years. In any event, the Rule 11(c)(1)(C) range of 10-16 years (120 - 192 months), encompasses the resulting guidelines sentencing range of 131-178 months.

## Other Acknowledgements by Defendant.

6. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence range agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea, will inform your client that a final disposition may be less favorable to your client than that

4

NOV-09-2006 16:09        US ATTORNEY'S OFFICE                    202 616 2296    P.06/18

contemplated by this agreement.

7. Your client also agrees that if any illegal contraband were seized by any law enforcement agency from the possession of or the direct or indirect control of your client, then your client consents to the administrative forfeiture, official use and/or destruction of said contraband by any law enforcement agency involved in the seizure of these items.

8. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

9. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

10. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter, except that it is limited by the period of incarceration as set forth in paragraph No. 3.  In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

11. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. A motion to withdraw shall constitute a breach of this agreement.

12. Your client agrees to submit a joint stipulation as to facts in support of the guilty plea, which will be adopted under oath during the Rule 11 plea colloquy, and which will include an insulating statement. The statement does not obligate your client to testify as a Government witness, nor provide information about the criminal activities of others. The Government does not intend to call your client as a witness in the trial of any of his co-defendants.

5

## The Government's Obligations, Acknowledgements, and Waivers:

13. This Office will request that the Court dismiss as to your client, the remaining counts of the indictment in this case at the time of sentencing. No other charges relating to this offense conduct or the conduct charged in the indictment will be brought against your client.

14. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact. The Government will allocute for a sentence within the 10-16 year range and observes that the projected U.S.S.G. Manual adjusted for the undischarged sentence range is expected to be 131 – 178 months. The Government acknowledges that the defense is also free to ask for a sentence within the 10-16 year range of this agreement, concurrent with the sentence already imposed in Cr. 02-565(AW).

15. The Government will withdraw any notices of enhancement where applicable to your client filed pursuant to 21 U.S.C. §851. Such notice served to increase the statutory mandatory minimum sentence applicable, served to require the imposition of a statutory mandatory minimum sentence of life in prison if the defendant were convicted of count one, narcotics trafficking conspiracy, alleged in the October 19, 2005 indictment.

## General Conditions

16. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

17. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

18. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

*[signature]*

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

*[signature]*

JOHN P. DOMINGUEZ
Assistant United States Attorney

*[signature]*

DARLENE SOLTYS
Assistant United States Attorney

### DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, *Keith Odle*, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11-15-06        *[signature]*

*Keith Odle*
Defendant

7

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement.

Date: 11/21/06

_____
Barry Pollack
Attorney for *Keith Odle*

_____
Dawn E. Murphy-Johnson
Attorney for *Keith Odle*

8