UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 06-341 (RMC) |
| | : | |
| **KEITH ODLE,** | : | |
| Defendant. | : | |

## GOVERNMENT'S NOTICE OF CHECKLIST FOR PLEA

The United States of America, through its attorney, the United States Attorney for the District of Columbia, submits the following checklist for guilty plea in compliance with the court's local practice order.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


Darlene Soltys
Assistant United States Attorney
DC Bar # 431-036
Organized Crime and Narcotics Section
555 4th Street, N.W. –
Washington, D.C. 20001
(202) 514-8147


John P. Dominguez
Assistant United States Attorney
DC Bar # 959809
Organized Crime & Narcotics Section
555 4th Street, N.W. – Room 4247
Washington, D.C. 20001
(202) 514-7060
Fax: 202-514-8707

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the following defendants on this __1st day of December, 2006.

                _____
                John P. Dominguez
                Assistant U.S. Attorney

# CHECKLIST FOR PLEAS

**Case Name:**     U.S. v. Keith A. Odle

**Case No.:**     06-                                    **Plea Date:** December 1, 2006
                                                                         (3:30 p.m.)

                                                          AUSA John P. Dominguez
**Name of Person / Counsel Completing This Form:**     AUSA Darlene M. Soltys
                                                          202-514-7060
**Address:**     555 4th Street, N.W.     **Phone:**     202-514-8147
                 Washington, D.C. 20530
                                                      **Fax:**     202-514-8707

**1.     Charged Offenses(s) (& statutory provision)**

     Count 1 of Information:   21 U.S.C. Section 846 (Conspiracy to Distribute and Possess With Intent to Distribute , 21 U.S.C. §841(b)(1)(B) (iv) for more than 100 grams of a mixture and substance containing a detectable amount of PCP, and 21 U.S.C. §841(b)(1)(B)(iii) for 5 grams or more of cocaine base**.**

     Count 2 of information: 18 U.S.C. §1962(d) Conspiracy to engage in a racketeering enterprise.

**2.     Charge(s) in Plea (& statutory provision)**

     Defendant will plead guilty to Count 1 and 2 of a superseding criminal of the Information.

**3.     Elements of the Offense
        Count One, Narcotics Conspiracy**

     1.  The defendant, from at least 1997, up to and including November 2004, agreed with one or more people to distribute, and possess with intent to distribute PCP, cocaine base, and ecstacy.
     2.  The defendant knowingly and willfully participated in the conspiracy and did so with the specific intent to distribute, and possess with intent to distribute PCP, cocaine base, and ecstacy.
     3.  The defendant distributed, and possessed with intent to distribute PCP, cocaine base, and ecstacy, or could have reasonably foreseen the distribution, and possession with intent to distribute PCP, cocaine base, and ecstacy, by any member of the conspiracy, 100 grams or more of mixtures and substances containing PCP and 5 grams or more of mixtures and substances containing cocaine base. (Defendant will accept responsibility for not less than 100 grams and not more than 400 grams of mixtures and substances containing PCP).

**Count Two, RICO Conspiracy**

Between 1997 and November 2004, the defendant was a member of or associated with an enterprise, the M Street Crew, which engaged in drug trafficking and other criminal activities affecting interstate commerce, and he participated in the conduct of the affairs of the enterprise.

An "enterprise", in this case, an illegal association-in-fact, existed;

That the "enterprise" engaged in or that its activities affected interstate commerce;

That the defendant knowingly and intentionally agreed with another person or persons to conduct or participate in the conduct of the affairs of the "enterprise"; and

That the defendant knowingly and willfully agreed that he or some member of the conspiracy would commit at least two of the acts referred to as "racketeering acts" which constitute a pattern of "racketeering" activity in furtherance of the conspiracy.

4.   **Penalties**

Count One: This offense carries a statutory mandatory minimum term of imprisonment of not less than 5 years and a maximum possible sentence not more than 40 years in prison, a fine not greater than $2,000,000, and a term of supervised release of at least 3 but not more than 5 years.

Count Two: Pursuant to 18 U.S.C. §1963(a), the offense of conspiracy to engage in racketeering as reflected in the superseding criminal information, carries a statutory maximum sentence of up to forty years in prison, a maximum fine of $250,000 or twice the value of the gross proceeds generated by the racketeering enterprise, whichever is greater, and a period of supervised release of at least 3 but not more than 5 years, following any period of imprisonment.

5.   **Guideline Calculations**

Pursuant to Section 1B1.3 of the Sentencing Guidelines, the defendant is accountable for between 700 grams and one kilogram of mixtures and substances containing a detectable amount of phencyclidine, also known as PCP, at least 5 grams of cocaine base, also known as crack cocaine, and at least one kilogram of ecstasy, which quantity represents the total amount involved in the defendant's relevant criminal conduct, including amounts distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators which was jointly undertaken criminal activity that was reasonably foreseeable by the defendant and within the scope of the defendant's conspiratorial agreement.  The parties reached this stipulation pursuant to §6B1.4 of the U.S.S.G. Manual to resolve any dispute regarding the amount of drugs involved in the conspiracy attributable to the defendant, because the defendant was incarcerated since December 16, 2002, during the latter stages of the conspiracy and the conspiracy distributed over 30 kilograms of PCP.

The ordinary offense level adjustments become irrelevant because the U.S.S.G. Manual treats the defendant as a career criminal.  He has  two or more drug trafficking felony convictions and faces a statutory maximum possible sentence of more than 25 years but less than life in prison as charged in the superseding criminal information.  §4B1.1(b)(B).  Consequently, he receives a base offense level of 34, and a criminal history category VI.  The parties contemplate that the defendant will receive a downwards adjustment of -3 for early acceptance of responsibility under §3E1.1.  This results in an adjusted offense level of 31 and a criminal history category of VI and a projected guideline sentencing range of 188-235 months.

The range should be adjusted downwards for 57 months of imprisonment already imposed and undischarged, resulting in a range of 131-178 months. §5B1.3(b), Application Notes 2(C) and (D) and 3(E).  These provisions are applicable because the defendant is serving an undischarged term of imprisonment, possession of a firearm by a convicted felon, imposed in the U.S. District court of Maryland, Southern Division, Cr. 02-565(AW) with prison time calculated from December 16, 2002, the date of the defendant's arrest in that offense.  That offense constitutes other relevant conduct to the instant offenses of conviction and requires that such guideline sentences "shall" be adjusted for the period of undischarged term of imprisonment already served.  U.S.S.G. Manual, §5G1.3(b).

The Government has submitted this preliminary calculation solely at the request of the Court, and it should not be construed as conferring any right upon the defendant, and should not be construed as binding the Government, or altering the plea agreement in any way.

The Plea agreement specifies that this is an agreement under Rule 11(c)(1)(C), F.R. Cr. P.

**6.** **Attach Copy of the Plea Agreement**

The agreement is attached.

**Please fax completed form to Jan Drake, Judicial Assistant, Chambers of The Honorable Rosemary M. Collyer, Judge, United States District Court for the District of Columbia**

**Fax No.:    (202) 354-3565**