# FACTS IN SUPPORT OF GUILTY PLEA TO NARCOTICS CONSPIRACY AND RICO CONSPIRACY

FILED

United States v. Keith Odle
Criminal Number 04-128 (RMC)
06-341

DEC - 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The defendant agrees that if the Government were to go to trial on Count One and Count Two of the Information, the Government's evidence, as to the essential elements of each offense, would show:

## RICO Conspiracy (which is Count Two of the Criminal Information)

During a period of time, sometime between 1997, and November 2004, Keith Odle and others, were members of a criminal organization which was based in the District of Columbia and which operated in various locations including, but not limited to, the 1200 block of 18th, N.E., the 1200 block of 18th Pl., N.E., the 1700 and 1800 block of M St., NE and the blocks surrounding this area, in the District of Columbia. The organization, including its leadership, membership, and associates, constituted an enterprise, as defined by Title 18, United States Code, Section 1961(4), that is a group of individuals associated in fact. The association in fact came to be known as the 18th and M Street crew. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the organization. The activities of the organization were conducted in the District of Columbia and elsewhere, and affected interstate and foreign commerce.

The organization evolved into a well ordered business enterprise, with a principal goal of obtaining money and other things of value primarily by selling drugs. In furtherance of this objective, other members committed acts of violence and other criminal acts to advance the goals and purposes of the organization. For example, members of the enterprise were involved in acquiring and redistributing wholesale retail quantities of PCP, ecstasy and cocaine base, also known as crack cocaine, for profit, to other members and associates of the enterprise and to smaller wholesale customers as well as a multitude of individual consumers who traveled to 18th and M Streets. Although there was no express written agreement, the association evolved into an enterprise (in the racketeering sense), and its members acted in concert to enrich the enterprise and its members; to create, maintain, and control a market place for the distribution of its controlled substances; to enforce discipline among the members of the enterprise, to protect the enterprise and its members from detection, apprehension and prosecution by law enforcement; to prevent and retaliate against acts of violence perpetrated against the enterprise and its members and to promote and enhance the reputation and standing of the enterprise and its members.

The pattern of racketeering activity through which the defendant Keith Odle agreed with others to conduct the affairs of the enterprise consisted of the following:

### Narcotics Conspiracy (which is Count One of the Criminal Information)

During a period of time, sometime between 1997, and November 2004, in the District of Columbia, and elsewhere, the defendant Keith Odle and other members of the conspiracy did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together, with each other and with others, to unlawfully, knowingly, and intentionally possess with intent to distribute and to distribute narcotic controlled substances. Such conduct is in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Specifically, Keith Odle and other members of the conspiracy were involved in acquiring and redistributing for profit, wholesale and retail quantities of PCP, ecstasy and cocaine base, also known as crack cocaine, to other members and associates of the conspiracy and to smaller wholesale customers and individual drug consumers. Keith Odle agrees that he is accountable for aggregated drug quantities of between 700 grams and one kilogram of mixtures and substances containing PCP, at least one kilogram of ecstasy, and at least 5 grams of crack cocaine. These aggregated drug amounts represents amounts that Keith Odle possessed with intent to distribute and distributed, and amounts that were reasonably foreseeable to him that were possessed with intent to distribute, and distributed, by co-conspirators. (Because Keith Odle has been incarcerated since December 16, 2002, he should not be held accountable for the total 30 kilograms or more of PCP and 1.5 kilograms or more of crack cocaine, that was distributed during the course of the conspiracy.)

It was a principal goal of the conspiracy that, in order to obtain as much money and other things of value as possible, Keith Odle and co-conspirators acquired narcotics, which they further distributed to co-conspirators and other customers. The conspirators, including Keith Odle, largely distributed narcotics in the 1200 block of 18th Street, N.E., the 1200 block of 18th Place, N.E., the 1700 and 1800 blocks of M Street, N.E., and the blocks surrounding this area, in the District of Columbia, among other places. It was a further goal of the conspiracy to create, maintain, and control marketplace for the distribution of its controlled substances, to collect monies owed to members of the conspiracy, to protect the conspiracy and its members from detection, apprehension, and prosecution by law enforcement and to promote and enhance the reputation and standing of members of the conspiracy.

Keith Odle, on November 8, 2002, at 10:45 p.m., in the 1200 block of 18th St., N.E., and later inside the establishment located 1251 Bladensburg Ave., N.E. ("Eddie Leonard's Carry Out") possessed with the intent to distribute two vials of a mixture and substance containing phencyclidine, also known as PCP and 39 ecstatsy pills. The Drug Enforcement Agency ("DEA") analyzed the seized drugs and determined them to be a detectable amount of PCP and ecstasy. Keith Odle was about to be transported from the location by members of the Metropolitan Police Department when another person (unknown to him) fired a handgun at the police cars parked outside the establishment.

Keith Odle, on December 16, 2002, while at Pennsylvania Ave. and the Suitland Parkway, in Forestville, MD., possessed a firearm, that is, an Intratec 9mm pistol, loaded with 27 rounds of ammunition.

The following individuals were co-conspirators: John L. Franklin; Joseph L. Blackson, also known as "Joe Black"; Kenneth Cole, also known as "Cricket"; Anthony R. Davis, also known as "Football"; Kenneth Dodd, also known as "K," also known as "K-Dog"; James D. Hill, also known as "Foxy"; Jamal Hinson; Shawn Hinson, also known as "Jack"; Jonte D. Robinson, also known as "Tay," also known as "Black"; William D. Robinson, also known as "Dee"; William H. Simmons, also known as "Mike"; Dwaine Williams, also known as "Dwayne Williams," also known as "Scooter"; George Wilson, also known as "Shug," also known as "Donnell Mack," also known as "Herman Walker"; April Dodd; Tommie Dorsey, also known as "Pinball"; Elliott Fields, Larry Gooch, also known as "Goo"; Kran Bell, and Regina Lenear. The defendant agrees that there are other persons who were co-conspirators who are not named herein.

Keith Odle has reviewed all of the allegations in the October 19, 2005 superseding indictment that relate to other defendants, whether relating to violent acts, gun possessions, narcotics charges, or any other charges set forth in the indictment. Keith Odle admits that the allegations are true, or does not have information to dispute or disprove those allegations set forth in the indictment.

Keith Odle has read and agrees with this statement of facts in support of his guilty pleas.

_____
Keith Odle
Defendant

_____
Barry Pollack, Esq.
Counsel for Defendant

Date: 12/01/06