UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 06-341 (RMC) |
| | : | |
| **KEITH ODLE,** | : | |
| Defendant. | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, through its attorney, the United States Attorney for the District of Columbia, submits the following sentencing memorandum and recommendation in the above captioned case.

1. On December 1, 2006, the defendant pled guilty to participating in a narcotics trafficking conspiracy in violation of 21 U.S.C. §846, and a racketeering conspiracy in violation of 18 U.S.C. §1962(d). The plea agreement proposed that the court accept the terms of the agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and if so, impose a sentence within a range of between 10 and 16 years (120 to 192 months). The Government's recommendation is that the court select a sentence within the agreed upon range, and whatever sentence imposed, should become effective December 16, 2002, and that the sentence run concurrently with the undischarged period of incarceration of 57 months imposed in Cr. 02-656, in U.S. District Court of Maryland.

2. Although the parties do not dispute the accuracy of the facts in the pre-sentence report, clearly we do not agree on how his role in the conspiracy should be characterized. The defense memorandum in aid of sentencing, (Document 9), claims that Mr. Ode was a brief and relatively minor participant in the charged conspiracies. They also claim that he was never a full-time member of the M Street Crew (the racketeering enterprise) and never made a living selling drugs. We disagree. The Government's

evidence at trial would have shown that Odle was a core member of the M Street Crew, and like other members of the M Street Crew, earned substantial income selling illegal drugs in the vicinity of 18th and M Streets, N.E., Washington, D.C.  Although he was incarcerated in December, 2002, and remained incarcerated during 2003 and early 2004 when PCP sales virtually exploded in the neighborhood, Odle was a core member of the racketeering enterprise (the M Street Crew) and they regarded him as such.

3.  For instance, Odle is identified in Overt Act # 20 with possession of an Intratec 9mm pistol loaded with 27 rounds of ammunition on December 16, 2002, at the intersection of the Suitland Parkway and Pennsylvania Ave., in Prince George's County, Md.  The evidence at trial on this count would have shown that on that evening, Odle, along with the following co-conspirators - Joe Blackson, Jamal Hinson, Kenneth Cole, Kran Bell and Anthony Davis all went together to the Classics Nightclub located in Prince George's County.  Keith Odle transported the weapon, which was owned by a fellow co-conspirator – weapons were commonly shared among the crew – to the nightclub that evening.  The crew members left Classics in two cars.  Odle was driving his own car. Inside the car was the Intratec handgun, one passenger named Kran Bell, and one crew photo taken at the nightclub depicting the above-noted crew members. A United States Park Police Officer initiated a traffic stop, which resulted in Odle's apprehension, and seizure of the weapon and the photograph.  Further examination of the car revealed bullet holes of an undetermined age on the car.  Park Police recovered from inside the car, an expended cartridge case, a Halloween mask of the type scene in the movie, "Scream" and a bandana.  No other defendant is named along with Odle for this overt act. The testimony at trial however, would have shown that the crew members routinely went to night clubs together,  where they were introduced as the "M St. crew" and that they routinely carried weapons and engaged in shootouts with other people and rival drug gangs.

4. Further, Keith Odle is also charged with substantive counts 4 and 5, possession with the intent to distribute PCP and ecstasy on November 8, 2002. Testimony of this incident was presented in the trial of the Group I defendants (March-May, 2006) in which MPD Officers Maslona and Hoffman described the arrest of Odle. Odle had been selling narcotics on 18th Street that night and was chased by the police. He ran into Eddie Leonard's Carry Out, tried to hide in the restroom there, and discarded the drugs in the trash can. Police arrested him there and were escorting him to a transport vehicle waiting outside. Meanwhile, fellow M Street Crew member Anthony Davis, who had escaped from the police, ran back to fellow M Street Crew members and warned them, including Larry Gooch, that the police were about to arrest "his man." Gooch then walked over to the parking lot beside Eddie Leonard's Carry Out, and while armed with a Desert Eagle .44 caliber semi-automatic handgun, opened fire at uniformed Officer Sara Hoffman while she was seated in an MPD marked police car awaiting to transport Keith Odle to jail. Many of the bullets struck her car flattening the tires and shattering the windows. One bullet passed through the front seat head rest and embedded in the dash board. This bullet would have struck her in the head had she not ducked below the front seat as gunshots began striking the police car. Clearly, Larry Gooch was willing to kill a police officer in hopes that it would provide his friend and fellow M Street Crew member, Keith Odle, with a chance to escape from police custody. We do not imply that Mr. Odle knew that Larry Gooch would attempt to kill a police officer to effect Odle's escape. There is however, significant evidence of cooperation and concerted activity to aid fellow crew members, including discharge of firearms to create a diversion and disrupt law enforcement activities in the area.

5. Evidence at trial from cooperating M Street Crew defendant witnesses identify Keith Odle as an M Street Crew member and close associate of Larry Gooch, Tommie Dorsey and Jonte Robinson.

Evidence will show that members of the crew acted in concert with one another by assisting each other and by helping each other avoid detection and apprehension by the police. Seized M Street Crew photos depict Keith Odle along with other members (including Larry Gooch, Jonte Robinson, Tommie Dorsey) flashing the M St sign with their fingers. Other anecdotal evidence establishes that Odle, because he was the only M St. crew member with a valid Maryland driver's license, and could legally buy ammunition in Maryland, was the principal supplier of ammunition for the crew.

      6. No evidence describes Keith Odle as "part time" member of the M Street Crew, nor a "minor" participant in the crew. His early arrest however, precluded his continued participation in the burgeoning PCP sales that occurred in the last year and two months of the conspiracy. The fortuitous arrest in December, 2002, shortened the length of his participation in the M Street Crew activities, but it did not diminish his loyalty or commitment to the crew, and did not demonstrate that he was a "part time" crew member.

      7. In addition, defense counsel claim that Keith Odle's sentencing guidelines criminal history calculation "over represents" the seriousness of his criminal history and that this resulted in "an extraordinary enhancement" under guidelines. Clearly, the criminal history score captures an astounding number of criminal convictions such that by age 22, Mr. Odle had already achieved the status of a "career criminal" under the guidelines. Clearly, his criminal activity had been extraordinary by the time he was incarcerated by the U.S. District Court in Maryland. The plea agreement his attorneys negotiated for him in this prosecution succeeded in avoiding a statutory mandatory sentence of life in prison he would have received for two prior felony drug trafficking convictions. They also convinced the prosecution that much of the significant PCP sales conducted by M Street Crew members occurred after his incarceration, that he was already serving a sentence for a crime that was part of the conspiracy, and

that therefore, we should offer him a plea that does not require imposition of a mandatory sentence of life in prison. The agreement won considerable and significant concessions from the Government that certainly benefit the client. We note however, that both the statutory scheme and the federal sentencing guidelines treat Mr. Odle as a career criminal not because of some extraordinary interpretation of the law, and not because his criminal history score over represents his actual conduct, but because he has legitimately earned that ignominious status and label.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


Darlene Soltys
Assistant United States Attorney
DC Bar # 431-036
Organized Crime and Narcotics Section
555 4th Street, N.W. –
Washington, D.C. 20001
(202) 514-8147


John P. Dominguez
Assistant United States Attorney
DC Bar # 959809
Organized Crime & Narcotics Section
555 4th Street, N.W. – Room 4247
Washington, D.C. 20001
(202) 514-7060
Fax: 202-514-8707

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the defendant and by e-mail to the U.S. Probation Officer on this 18th day of December, 2006.

                                                              _____
                                                              John P. Dominguez
                                                              Assistant U.S. Attorney