## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:06-cr-00341 RMC |
| KEITH ODLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT KEITH ODLE'S
## MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

For the reasons set forth in the accompanying memorandum of law, Defendant Keith

Odle moves to vacate, set aside or correct his sentence.

Respectfully submitted,

KELLEY DRYE COLLIER SHANNON

By: _____/s/_____
Barry J. Pollack
Dawn E. Murphy-Johnson
3050 K Street, N.W.
Washington Harbour – Suite 400
Washington, D.C.  20007
Telephone: (202) 342-8472
Facsimile:  (202) 342-8451

Date:  April 2, 2007          *Counsel for Keith Odle*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:06-cr-00341 RMC |
| KEITH ODLE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT KEITH ODLE'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

Keith Odle moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Bureau of Prisons ("BOP") has effectively breached the plea agreement ("the Agreement") that Mr. Odle entered into with the Government, which was accepted by the Court, by refusing to comply with the terms of the Agreement. Both the Agreement and the Court's Judgment provide that Mr. Odle's concurrent sentence in the instant matter is to start on the date he began serving an earlier 57-month federal sentence in December 2002. Instead, the BOP is running the 131-month sentence he received in this case from the date of his sentencing in December 2006. Thus, absent further action by the Court, Mr. Odle would serve a sentence that is approximately four years longer than the sentence contemplated by the parties and ordered by the Court. Because the BOP refuses to comply with the Agreement and the Court's Judgment, the Court should vacate, set aside, or correct Mr. Odle's sentence so that his sentence will be effectuated by the BOP in a manner that enforces the terms of the Agreement and results in him serving the sentence the Court intended when it entered the Judgment.

### BACKGROUND

On December 16, 2002, Mr. Odle was arrested in Prince George's County, Maryland for possession of a firearm. In March of 2003, he entered a plea of guilty in the United States

District Court for the District of Maryland, *United States v. Odle* (Case No. 8:02-cr-00565-AW), and was ultimately sentenced to 57 months' imprisonment, with credit for time served from the date of his arrest.

On October 19, 2005, while still serving the 57-month sentence, Mr. Odle was charged in a superseding indictment ("Indictment") in *United States v. Franklin* (Case No. 1:04-cr-00128-RMC). He was charged with participating in a narcotics conspiracy (Count One) and a RICO conspiracy (Count Two), and with a single count of possession with intent to distribute PCP (Count Four) and a single count of possession with intent to distribute ecstasy (Count Five). The December 16, 2002 gun possession was encompassed in the Indictment as an overt act in furtherance of the conspiracies.

On December 1, 2006, Mr. Odle entered into the Agreement with the Government. *See* Letter from counsel for the Government to counsel for Mr. Odle, dated December 1, 2006 (attached hereto as "Exhibit 1"). Mr. Odle agreed to enter a plea of guilty to a superseding criminal information ("Information") charging a narcotics conspiracy (Count One) and a RICO conspiracy (Count Two). The Agreement demonstrates that the parties plainly intended that any sentence imposed in this matter would be effective December 16, 2002:

> The proposed Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, sentence for [Mr. Odle] binds the court to impose a sentence within a range of 10 to 16 years, *effective December 16, 2002. This assures that your client receives credit for time served.*

Exhibit 1 at ¶ 3.a. (emphasis added). The Agreement further explicitly states that "the court could select a sentence within the Rule 11(c)(1)(C) range as the appropriate sentence and to minimize the burdens of calculating the time remaining in the term of undischarged imprisonment at the date of imposition of this sentence, *simply impose that sentence to run concurrently with the sentence in Cr. 02-565 (AW), effective December 16, 2002.*" *Id.* at ¶ 5.b.

(emphasis added).  Mr. Odle was arraigned on December 1, 2006, and the Court accepted his plea of guilty under the terms of the Agreement.

On December 20, 2006, the Court, consistent with the Agreement, sentenced Mr. Odle to 131 months' imprisonment, effective December 16, 2002.  On January 3, 2007, the Court entered its Judgment in the case, committing Mr. Odle to the custody of the BOP for a total term of

> 131 months as to counts one and two of the information *effective 12/16/02.* The terms of imprisonment shall be served concurrently.

Judgment at 3 (emphasis added) (attached hereto as "Exhibit 2").  Thus, under the express terms of the Agreement, as accepted by the Court, and according to the Judgment entered in this matter, Mr. Odle's 131-month sentence was to run from December 16, 2002.

Yet, the BOP has informed undersigned counsel for Mr. Odle that, according to standard BOP policy, Mr. Odle's 131-month sentence will commence only as of December 20, 2006 (the date of his sentencing in the instant matter) — not December 16, 2002 (as explicitly provided for in the Agreement and the Judgment).  *See* Declaration of Barry J. Pollack at ¶¶ 2, 4 (attached hereto as "Exhibit 3").  The BOP's application of its policy means that Mr. Odle's projected release date is August 9, 2016, which is four years longer than the sentence intended by the Government, Mr. Odle, and the Court. *See id.* at ¶ 5.

## ARGUMENT

A defendant may move the sentencing court to vacate, set aside or correct his sentence

> on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255.  Under Section 2255, if the Court finds that the "sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or

infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," the Court must vacate and set the judgment aside, and it must discharge the defendant, re-sentence him, grant him a new trial, or correct his sentence "as may appear appropriate." *Id.*

Here, the Court should vacate, set aside, or correct Mr. Odle's sentence such that the terms of the Agreement are enforced. Because application of the BOP's policy to Mr. Odle's sentence has thwarted the clear intentions of the parties, the Court should correct Mr. Odle's sentence to 76 months effective December 20, 2006, which is the functional equivalent of the 131-month sentence effective December 20, 2002 originally imposed by the Court. In the alternative, the Court should vacate Mr. Odle's plea and set aside his sentence. If the Court does not correct the sentence and it therefore runs pursuant to BOP policy as of the date of sentencing in this matter, rather than as of December 12, 2002, there was no meeting of the minds regarding all of the essential elements of the Agreement. Thus, Mr. Odle's plea was not knowing and voluntary, and should be vacated.[1]

**I.    The Court Should Correct Mr. Odle's Sentence to 76 Months**

As the Supreme Court has made clear, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971); *see also United States v. Ahn*, 231 F.3d 26, 35-36 (D.C. Cir. 2000) ("In considering whether a plea agreement has been breached, we look to principles of contract law."); *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986) (noting that a defendant's "contract right" in

---

[1] Should the Court decline to grant Mr. Odle relief on the grounds presented herein and his sentence is four years longer than he was advised by counsel it would be, Mr. Odle received ineffective assistance of counsel. Since this claim could not be pursued by undersigned counsel, should the Court decline to enter the relief discussed in this Memorandum, Mr. Odle requests that the Court not dismiss this motion in its entirety, but rather appoint new counsel so that he can pursue the ineffective assistance of counsel claim.

a plea agreement "is constitutionally based and therefore reflects concerns that differ fundamentally from and run wider than those of commercial contract law."). Indeed, "allowing the Government to breach a promise that induced a guilty plea violates due process." *Margalli-Olvera v. INS*, 43 F.3d 345, 351 (8th Cir. 1994).

*United States v. Flowers*, 934 F. Supp. 853, 856 (E.D. Mich. 1996), presented circumstances almost identical to those here. There, the defendant was sentenced to 210 months' imprisonment. *Flowers*, 934 F. Supp. at 854. Pursuant to a Rule 11 plea agreement, the defendant understood that this sentence would be effective as of the date he started serving a prior related 125-month sentence. *Id.* at 854-55. The BOP, however, refused to deem the defendant's 210-month sentence as commencing on the date he began serving the earlier 125-month sentence. *Id.* at 854. The Government conceded that the defendant's interpretation of the plea agreement accurately reflected the parties' intentions, and the court concluded that, while the BOP "apparently followed its standard practice, as well as a plausible interpretation of the [sentencing calculation statute]," the plea agreement itself gave the court authority to grant the defendant relief. *Id.* at 855. Accordingly, the court found that "[b]ecause the BOP, in keeping with its standard practice, declined to follow [the plea] agreement, Defendant's 210-month sentence must be adjusted accordingly." *Id.* at 856. Thus, the court corrected the defendant's 210-month sentence, reducing it to 192 months, 19 days. *Id.*

Here, the BOP's imposition of a "prospective-only" sentence has defeated the intentions of Mr. Odle, the Government, and the Court. The BOP, as an agency of the same Government that entered into the Agreement, "is not free to override [the Agreement's] binding terms." *Flowers*, 934 F. Supp. at 856; *see also Margalli-Olvera*, 43 F.3d at 353 ("promises made by an Assistant United States Attorney bind all agents of the United States government."); *Harvey*, 791

5

F.2d at 302-303 (finding that "[i]t is the Government at large...that is bound by plea agreements negotiated by agents of Government" and holding that conduct of the Immigration and Naturalization Service breached the relevant plea agreement). Because the BOP has declined to follow the express terms of the Agreement, as well as the Judgment entered by the Court, the Court should correct Mr. Odle's sentence to 76 months, effective December 20, 2006. This is the functional equivalent of the originally imposed 131-month sentence, and it will insure that the intent of all of the parties — Mr. Odle, the Government, and the Court — is fully effectuated.[2]

## II.    In the Alternative, the Court Should Vacate the Plea and Set Aside the Sentence, and Permit Mr. Odle and the Government to Negotiate a Revised Plea Agreement

Before accepting a plea of guilty, the sentencing court "must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). Accordingly, "[a] guilty plea 'shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.'" *United States v. Singh*, 305 F. Supp. 2d 109, 111 (D.D.C. 2004) (quoting *Kercheval v. United States*, 274 U.S. 220, 223 (1927)); *see also United States v. Russell*, 686 F.2d 35, 38 (D.C. Cir. 1982) ("A plea cannot be considered voluntary if it is induced by threats or misrepresentation, or if the defendant is not 'fully aware of the direct consequences' of the plea.") (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)).

---

[2] Were Mr. Odle's 131-month sentence to run from December 16, 2002 as intended, it would end — after credits for good time — on August 6, 2012. Likewise, a sentence of 75 months and 25 days, effective December 20, 2006, would yield a projected release date after good time credit of August 6, 2012. As set forth in the appended declaration, under BOP policy, the BOP would effectuate this latter sentence even though it refuses to effectuate the former.

"Thus, when the government proposes a plea agreement, when the defendant accepts it and when the district court enforces it, there must be a meeting of the minds on all of its essential terms." *United States v. Bradley*, 381 F.3d 641, 648 (7th Cir. 2004). When there is a mutual mistake as to an essential element of the agreement, "the entire agreement is invalidated." *Id.*; *see also Mabry v. Johnson*, 467 U.S. 504, 508-508 (1984) ("It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired."); *United States v. Russell*, 686 F.2d 35, 41 (D.C. Cir. 1982) ("When the record indicates that the defendant's plea has been induced by inaccurate prosecutorial suggestions about its consequences…the plea cannot be considered voluntary and must be vacated."); *United States v. Roberts*, 570 F.2d 999, 1008 (D.C. Cir. 1977) (finding that because a material element of the plea agreement was not fully disclosed there was "a possible failure in the meeting of the minds over the terms of the plea agreement," and permitting the defendant to withdraw his plea under former Rule 32(d)).

In *United States v. Singh*, the defendant, who was not a citizen of the United States, pled guilty to a charge of mail fraud. *Singh*, 305 F. Supp. 2d at 110. Before the plea hearing, the Government told the defendant that he would be entitled to a "meaningful hearing" before he could be deported, and during the plea hearing, the court informed the defendant that the conviction "could" result in his deportation. *Id.* at 110, 113. Yet, these representations did not reflect the reality that because the defendant's conviction was an aggravated felony, he faced "absolute, non-discretionary deportation" under the immigration laws. *Id.* at 110, 114. Because it was clear that there was a "misunderstanding by the AUSA, the defendant's attorney who remained silent when the defendant was being misinformed, and the presiding judge, as to the deportation consequences of [the] defendant's guilty plea," Judge Walton found that the plea was

7

not knowingly and voluntarily entered. *Id.* at 115. The Court, therefore, vacated the defendant's plea and sentence. *Id.* at 115-16.

Here, the Government, the Court, Mr. Odle, and his counsel all understood that Mr. Odle's sentence could run retroactively from December 16, 2002. This was an essential element of the parties' Agreement. It is now clear, however, that according to its policy, absent the relief requested by Mr. Odle above, the BOP will start Mr. Odle's sentence on the date of its imposition, and no earlier than that. Because there was a mutual mistake as to the start date of Mr. Odle's sentence, and, accordingly, no meeting of the minds on this element of the Agreement, the Agreement itself, absent other relief from the Court, would be invalid. Thus, should the Court decline to correct Mr. Odle's sentence, it should, in the alternative, vacate his plea and set aside his sentence.

## CONCLUSION

For the reasons set forth herein, Defendant Keith Odle moves to vacate, set aside, or correct his sentence.

Respectfully submitted,

KELLEY DRYE COLLIER SHANNON

By:  _____/s/_____
Barry J. Pollack
Dawn E. Murphy-Johnson
3050 K Street, N.W.
Washington Harbour – Suite 400
Washington, D.C.  20007
Telephone:  (202) 342-8472
Facsimile:  (202) 342-8451

Date: April 2, 2007                    *Counsel for Keith Odle*



**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 9, 2006

Barry J. Pollack, Attorney
and
Dawn E. Murphy-Johnson
Collier Shannon Scott PLLC
3050 K Street, N.W.
Washington Harbour - Suite 400
Washington, D.C. 20007
tel. (202) 342-8472
fax: (202) 342-8451

**FILED**

DEC - 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: United States v. *Keith Odle*,
Criminal Number, 04-128(RMC)
06-341

Dear Mr. Pollack and Ms. Murphy-Johnson:

    This letter confirms the agreement between your client, *Keith Odle*, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**Defendant's Obligations, Acknowledgments and Waivers:**

    1. Your client, *Keith Odle*, agrees to admit guilt and enter a factual plea of guilty to a superseding criminal information charging Count One, a narcotics conspiracy, and Count Two, a racketeering conspiracy, in violation of 21 U.S.C. §841(b)(1)(B) (iv) for more than 100 grams of a mixture and substance containing a detectable amount of PCP, and 21 U.S.C. §841(b)(1)(B)(iii) for 5 grams or more of cocaine base. This new criminal information reduces the maximum possible penalties and the statutory mandatory minimum penalties otherwise applicable. In order to implement the terms of this agreement, the Government will withdraw the notice of intent to seek enhanced penalties (Document 659) filed on September 22, 2006.



**EXHIBIT**

**1**

a. Count One of the proposed superseding criminal information charges your client with conspiracy to distribute and possess with intent to distribute 100 grams or more of mixtures and substances containing a detectable amount of phencyclidine, ecstasy, and 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iv), 841(b)(1)(B)(iii) and 846. This offense carries a statutory mandatory minimum term of imprisonment of not less than 5 years and a maximum possible sentence not more than 40 years in prison, a fine not greater than $2,000,000, and a term of supervised release of at least 3 but not more than 5 years.

b. Count Two of the proposed superseding criminal information charges your client with conspiracy to engage in racketeering in violation of 18 U.S.C. §1962(d). The count charges your client with conspiring with others to commit and participate in the commission of a number of crimes known as overt acts, that are described in the indictment, to further a racketeering enterprise. Your client understands that pursuant to 18 U.S.C. §1963(a), the offense of conspiracy to engage in racketeering as reflected in the superseding criminal information, carries a statutory maximum sentence of up to forty years in prison, a maximum fine of $250,000 or twice the value of the gross proceeds generated by the racketeering enterprise, whichever is greater, and a period of supervised release of at least 3 but not more than 5 years, following any period of imprisonment.

In addition, your client agrees to pay a special assessment, pursuant to 18 U.S.C. §3013, of $200, ($100 for each felony count of conviction) to the clerk of the U.S. District Court. Your client further understands that the United States Sentencing Guidelines Manual (U.S.S.G. Manual) will apply to determine your client's guideline range, but that such guidelines are advisory and no longer mandatory. Your client further understands that pursuant to Section 5E1.2 of the U.S.S.G. Manual, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2.    Your client agrees and will acknowledge at the time of the plea of guilty, that pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for between 700 grams and one kilogram of mixtures and substances containing a detectable amount of phencyclidine, also known as PCP, at least 5 grams of cocaine base, also known as crack cocaine, and at least one kilogram of Ecstasy, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators which was jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement. The parties reached this stipulation pursuant to §6B1.4 of the U.S.S.G. Manual to resolve any dispute regarding the amount of drugs involved in the conspiracy attributable to your client, because your client was incarcerated since December 16, 2002, during the latter stages of the conspiracy and the conspiracy distributed over 30 kilograms of PCP.

2

### Rule 11(c)(1)(C) Offer Involves a Sentencing Range of 10-16 years

3.  a.  If the terms are agreeable to your client, the Government agrees to sponsor such an agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Such procedure allows the presiding judge to review the terms of the agreement and to agree to impose a sentence agreed upon by the parties.  Of course, if the presiding judge rejects the terms of the agreement, then neither party is bound to proceed with the terms of the agreement.  The proposed Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, sentence for your client binds the court to impose a sentence within a **range of 10 to 16 years,** effective December 16, 2002.  This assures that your client receives credit for time served.

b.  The sentence for each count of conviction is to run concurrently with each other and may run concurrently with the undischarged term of imprisonment imposed in Cr. 02-656 (AW).

c.  Your client acknowledges that this sentence is possible only if the Government withdraws the notice of sentencing enhancement previously filed pursuant to 21 U.S.C. §851, Document 659, filed 9/22/2006, which otherwise would subject the defendant to a statutory mandatory sentence of life in prison without possibility of parole for a conviction of count one, in the indictment filed October 19, 2005, the narcotics conspiracy.  Withdrawal of the notice of enhancement reduces the statutory mandatory minimum sentence for the superseding criminal information to five years, which is below the agreed upon sentencing range in this Rule 11(c)(1)(C) plea agreement.

### Rule 11(c)(1)(C) Justification.

4.  This plea agreement contemplates that the Government will ask for a sentence to be imposed within the range specified in paragraph 3 above, and assures that the sentence selected as the appropriate sentence will run concurrently with the firearm sentence previously imposed.  This agreement serves the ends of justice by holding the defendant accountable for the criminal conduct that he committed by participating in this conspiracy, by proposing a guideline range that is derived by considerations of relevant drug trafficking amounts for which the defendant had actual or reasonably foreseeable knowledge in the conspiracy, eliminating the necessity of a jury trial which is estimated to be four months, and because the proposed sentencing guideline range in this agreement encompasses the projected sentencing guideline range of between 131-178 months (see paragraph below).

### Guideline Projections

5.a.  The parties agree that your client is responsible only for between 700 grams and one kilogram of a mixture and substance of a detectable amount of PCP distributed in the course of the conspiracy since your client was arrested and incarcerated on December 16, 2002, and he should not be held accountable for the total 30 kilograms or more of PCP distributed during the course of the conspiracy.  The ordinary offense level adjustments become irrelevant because the U.S.S.G. Manual

treats your client as a career criminal. He has two or more drug trafficking felony convictions and faces a statutory maximum possible sentence of more than 25 years but less than life in prison as charged in the superseding criminal information. §4B1.1(b)(B). Consequently, he receives a base offense level of 34, and a criminal history category VI. The parties contemplate that your client will receive a downwards adjustment of -3 for early acceptance of responsibility under §3E1.1. This results in an adjusted offense level of 31 and a criminal history category of VI and a projected guideline sentencing range of 188-235 months.

     5.b. The range should be adjusted downwards for 57 months of imprisonment already imposed and undischarged, resulting in a range of 131-178 months. §5B1.3(b), Application Notes 2(C) and (D) and 3(E). These provisions are applicable because your client is serving an undischarged term of imprisonment, possession of a firearm by a convicted felon, imposed in the U.S. District court of Maryland, Southern Division, Cr. 02-565(AW) with prison time calculated from December 16, 2002, the date of his arrest in that offense. That offense constitutes other relevant conduct to the instant offenses of conviction and requires that such guideline sentences "shall" be adjusted for the period of undischarged term of imprisonment already served. U.S.S.G. Manual, §5G1.3(b). In the alternative, the court could select a sentence within the Rule 11(c)(1)(C) range as the appropriate sentence and to minimize the burdens of calculating the time remaining in the term of undischarged imprisonment at the date of imposition of this sentence, simply impose that sentence to run concurrently with the sentence in Cr. 02-565(AW), effective December 16, 2002. If the court selected for example, 10 years as the appropriate sentence, imposition of that sentence concurrently with Cr. 02-565(AW), from December 16, 2002, would comply with the provision of §5B1.3(b) without the need for any additional calculations of the amount of time remaining in the undischarged term of imprisonment that he is already serving. In effect, such a sentence would result in the defendant serving approximately five more years. In any event, the Rule 11(c)(1)(C) range of 10-16 years (120 - 192 months), encompasses the resulting guidelines sentencing range of 131-178 months.

### Other Acknowledgements by Defendant.

     6. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence range agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea, will inform your client that a final disposition may be less favorable to your client than that

contemplated by this agreement.

7.  Your client also agrees that if any illegal contraband were seized by any law enforcement agency from the possession of or the direct or indirect control of your client, then your client consents to the administrative forfeiture, official use and/or destruction of said contraband by any law enforcement agency involved in the seizure of these items.

8.  Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

9.  In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

10.  Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter, except that it is limited by the period of incarceration as set forth in paragraph No. 3.    In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues.  Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

11.  Your client understands and agrees that  your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. A motion to withdraw shall constitute a breach of this agreement.

12.  Your client agrees to submit a joint stipulation as to facts in support of the guilty plea, which will be adopted under oath during the Rule 11 plea colloquy, and which will include an insulating statement. The statement does not obligate your client to testify as a Government witness, nor provide information about the criminal activities of others.  The Government does not intend to call your client as a witness in the trial of any of his co-defendants.

**The Government's Obligations, Acknowledgements, and Waivers:**

13. This Office will request that the Court dismiss as to your client, the remaining counts of the indictment in this case at the time of sentencing. No other charges relating to this offense conduct or the conduct charged in the indictment will be brought against your client.

14. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact. The Government will allocute for a sentence within the 10-16 year range and observes that the projected  U.S.S.G. Manual  adjusted for the undischarged sentence range is expected to be 131 – 178 months. The Government acknowledges that the defense is also free to ask for a sentence within the 10-16 year range of this agreement, concurrent with the sentence already imposed in Cr. 02-565(AW).

15. The Government will withdraw any notices of enhancement where applicable to your client filed  pursuant to 21 U.S.C. §851. Such notice served to increase the statutory mandatory minimum sentence applicable, served to require the imposition of a statutory mandatory minimum sentence of life in prison if the defendant were convicted of count one, narcotics trafficking conspiracy, alleged in the October 19, 2005 indictment.

**General Conditions**

16. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia.  This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

17. This agreement only binds the United States Attorney's Office for the District of Columbia.  It does not bind any other United States Attorney's Office or any other office or agency of the United States  Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor.  These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

18. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

JOHN P. DOMINGUEZ
Assistant United States Attorney

DARLENE SOLTYS
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, *Keith Odle*, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 12/01/06

Keith Odle
Defendant

7

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement.

Date: 12/01/06

Barry Pollack
Attorney for *Keith Odle*

Dawn E. Murphy-Johnson
Attorney for *Keith Odle*

8

AO 245B    (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA

V.

KEITH ODLE

**JUDGMENT IN A CRIMINAL CASE** FILED

Case Number:    06-341

USM Number:    37633-037

JAN − 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Barry Pollack & Dawn Murphy-Johnson
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    one and two of the information.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C.846 | Conspiracy to Distribute and Possess With Intent tDistribute 100 Grams or More of mixture and substance of Phencyclidine, Ecstasy, and 5 Grams or More of Cocaine | November 2004 | One |

The defendant is sentenced as provided in pages 2 through _____12_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) **all remaining counts in the indictment in 04-128-05**    is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 20, 2006
Date of Imposition of Judgment

Signature of Judge

Rosemary M. Collyer                      U.S. District Court Judge
Name of Judge                           Title of Judge

2. Jan. 2007
Date

**EXHIBIT**
**2**

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1A

| | Judgment—Page | 2 | of | 12 |

DEFENDANT: KEITH ODLE
CASE NUMBER:  06-341

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C.1962(d) | Conspiracy to Participate in a Racketeer Influenced Corrupt Organization | November 2004, | Two |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

---

| DEFENDANT: KEITH ODLE | Judgment — Page | 3 | of | 12 |
| CASE NUMBER: 06-341 | | | | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

131 months as to counts one and two of the information effective 12/16/02. The terms of imprisonment shall be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

Given the defendant's success on his current incarceration at FCI Petersburg, and the duration of his remaining sentence, the Court recommends that the defendant be housed at the Camp at FCI Petersburg in Petersburg, VA.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

| | Judgment—Page | 4 | of | 12 |

DEFENDANT: KEITH ODLE
CASE NUMBER: 06-341

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

60 as to each count of the information. The terms of supervised release shall be served concurrently.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3A — Supervised Release

| | Judgment—Page | 5 | of | 12 |

DEFENDANT:  KEITH ODLE
CASE NUMBER:  06-341

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in and successfully complete an education or vocational skills training program, as approved and directed by the Probation Office.

The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and any other business or financial information in which he has a control or interest.

The defendant shall participate in, and successfully complete, a residential and/or out-patient substance abuse treatment program, which may include drug testing and detoxification service, as approved and directed by the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The defendant has the right to appeal the sentence imposed by this Court. If the defendant chooses to appeal, the defendant must do so within 10 days after the Court has entered judgment in this case. If the defendant is unable to afford the cost of an appeal, the defendant may request permission from the Court to file an appeal in forma pauperis - that is, without any cost to him.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
　　　　　Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 6 | of | 12 |

DEFENDANT:  KEITH ODLE
CASE NUMBER:  06-341

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 0.00 |

☐　The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐　The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　　　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| <u>Name of Payee</u> | <u>Total Loss*</u> | <u>Restitution Ordered</u> | <u>Priority or Percentage</u> |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐　Restitution amount ordered pursuant to plea agreement  $ _____

☐　The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐　The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　　☐　the interest requirement is waived for the　☐ fine　☐ restitution.

　　　☐　the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page   7   of   12

DEFENDANT:   KEITH ODLE
CASE NUMBER:   06-341

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The special assessment fee is due immediately and shall be paid to the Clerk of the Court for the US District Court, District of Columbia.

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6B — Schedule of Payments

| | | Judgment—Page | 8 | of | 12 |

DEFENDANT:  KEITH ODLE
CASE NUMBER:  06-341

## ADDITIONAL FORFEITED PROPERTY

The Court ORDERS the defendant to forfeit to the United States his interest in any illegal contraband seized from the possessio of, or the direct or indirect control of the defendant by law enforcement agents.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA    )
                    )
      v.            )
                    )     Criminal No. 1:06-cr-00341 RMC
KEITH ODLE,          )
                    )
         Defendant.    )
_____)

## DECLARATION OF BARRY J. POLLACK, ESQ.

I, Barry J. Pollack, an attorney admitted to practice law in the United States District Court for the District of Columbia, declare the following, under the penalties of perjury:

(1) I represent defendant Keith Odle in the above-captioned matter. I am fully familiar from personal knowledge with the facts and circumstances of this case. I submit this declaration in support of Mr. Odle's motion to vacate, set aside, or correct his sentence.

(2) On or about Thursday, February 22, 2007, I spoke with a representative of the sentencing computation unit of the Bureau of Prisons ("BOP") in Grand Prairie, Texas. This representative confirmed for me — consistent with the information on the BOP's web site — that the BOP had calculated a projected release date for Mr. Odle of August 9, 2016. I referred the BOP representative to the Court's Judgment in this matter at page three, noting that the Court had ordered the 131-month sentence to be imposed effective December 16, 2002. The BOP representative agreed with me that the projected release date had been calculated running the 131-month sentence from the date of sentencing in this case, December 20, 2006, not from December 16,



EXHIBIT
3

2002. He stated that the BOP would recalculate the sentence within ten days, but that he was not sure that the BOP would make the effective date of the sentence prior to its date of imposition, regardless of what the Judgment said.

(3) I promptly apprised John Dominguez, counsel for the Government in this case, of my conversation with the BOP. We agreed that we should wait for the BOP to recalculate the sentence before taking any further action.

(4) On March 9, 2007, after the passage of more than ten days, I spoke with Mr. Fowler, the individual in the BOP sentencing computation section in Grand Prairie, Texas responsible for calculating sentences imposed by the United States District Court for the District of Columbia. Mr. Fowler informed me that according to standard BOP policy, the BOP will not start a sentence prior to the date of imposition; thus, the BOP's recalculation of Mr. Odle's projected release date did not yield a different projected release date. Mr. Fowler stated that the BOP will start Mr. Odle's 131-month sentence only as of December 20, 2006 (the date of his sentencing) — not December 16, 2002 (as intended by the parties). Mr. Fowler further informed me that the best way to effectuate the intent of the parties and the sentencing court was to have the sentencing court amend the Judgment such that the sentence runs from December 20, 2006 and is the functional equivalent of a 131-month sentence running from December 16, 2002. Mr. Fowler calculated that a sentence of 76 months would yield this result. I have independently calculated that a sentence of 75 months and 25 days would yield precisely the same release date that would have resulted from a 131-month sentence effective December 16, 2002 and that Mr. Fowler's estimate of 76 months is therefore correct.

(5) As of today's date, the BOP's web site, consistent with my conversation with Mr. Fowler, continues to reflect a projected release date of August 9, 2016. *See* Federal Bureau of Prisons Inmate Locator results for Keith Allon Odle (attached hereto as "Exhibit A"). This projected release date will not change without intervention of the Court and will result in Mr. Odle serving a sentence approximately four years longer than that intended by the parties or the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  April 2, 2007            By:  _____
                                              Barry J. Pollack, Esq.

Federal Bureau of Prisons

http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameS...



Return to Website

Printer Friendly Page
Click to print



## Inmate Locator

**Locate a Federal Inmate**
(includes all inmates from 1982 to present)

| Name | Register Number | Age | Race | Sex | Release Date Actual / Projected | Location |
|------|----------------|-----|------|-----|-------------------------------|----------|
| 1. KEITH ALLON ODLE | 37633-037 | 26 | Black | M | 08-09-2016 | IN TRANSIT |

New Search     FAQs     Privacy                          **Results 1 - 1 of 1**

............................................................

Home   |   About   |   Inmate Locator   |   Prison Facilities   |   Careers

Inmate Matters   |   Policy / Forms   |   Doing Business   |   News / Information

**Accessibility  |  Browser Requirements  |  Disclaimer  |  Privacy Policy  |  Search  |  Site Map**



4/2/2007 1:03 PM

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     )
                            )
         v.               )     Criminal No. 1:06-cr-00341 RMC
                            )
KEITH ODLE,            )
                            )
          Defendant.    )

## [PROPOSED] ORDER

Upon consideration of Defendant Keith Odle's Motion to Vacate, Set Aside or Correct His Sentence, it is by the Court on this _____ day of _____ 2007 hereby

ORDERED that Defendant Keith Odle's Motion to Vacate, Set Aside or Correct His Sentence is GRANTED; and it is further

ORDERED that [circle one]:

- Defendant Keith Odle's sentence be corrected to 76 months effective December 20, 2006 and that an amended Judgment will be issued by the Court forthwith; or

- Defendant Keith Odle's guilty plea is hereby vacated and his sentence set aside.


_____
The Hon. Rosemary M. Collyer
United States District Judge