UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No.: 06-341  (RMC) |
| : | |
| **KEITH ODLE,** : | |
|     **Defendant.** : | |

**GOVERNMENT'S REPLY TO ODLE'S MOTION TO CORRECT SENTENCE**

    The United States of America, through its attorney, the United States Attorney for the District of Columbia, responds to the defendant's petition and memorandum filed pursuant to 28 U.S.C. §2255, (Document 13), and recommends that the court issue a revised Judgement and Commitment Order. The Government asserts the following in support of this position:

    1. Pursuant to the terms of a written plea agreement in the above captioned case, on December 20, 2006, this court imposed a sentence of 131 months on count one, conspiracy to distribute and possess with intent to distribute 100 grams or more of PCP, 5 grams or more of cocaine base, and ecstacy. The court imposed a concurrent sentence of 131 months for count two, conspiracy to participate in a racketeering enterprise. On page 3 of the judgement and commitment order, the court stated its intentions that the sentence commence "effective 12/16/02." The clear intent of the court was that the 131 month sentence run concurrently with an undischarged term of imprisonment (imposed in Cr. 02-0565(AW) in the U.S. District Court for Maryland).

    2. The Bureau of Prison's Designation and Sentence Computation Center declined to give effect to the court's judgement and commitment order and did not compute a sentence release date from 12/16/02. In a letter of explanation to the undersigned prosecutor, the Bureau of Prisons declined

to run the 131 month long sentence concurrent with the defendant's undischarged 57 month long sentence, because the December 20, 2006 judgement and commitment order "was silent" as to the docket number of the undischarged sentence. See accompanying exhibit, "Sentence Computation Summary for Habeas Petition." As a result, the Bureau of Prisons computed the sentence to run consecutively to the Maryland sentence of Cr. 02-0565(AW). In addition, the Bureau of Prison's cited their own regulation, BOP statement 5880.28, pp. 1-13, in support of their calculation of the release date. That regulation states that a federal sentence of imprisonment shall not commence earlier than the date on which it is imposed.

    3. Counsel for the defendant informed the Government that the Bureau of Prisons had failed to give effect to the court's Judgement and Commitment Order, and defense counsel complained that the BOP calculation of the release date was depriving the defendant of the benefit of his plea agreement. Since this issue did not arise until long after the expiration of Federal Rule of Criminal Procedure R.35(a)'s 7 day jurisdictional requirement to file a motion to correct the sentence, the Government suggested that a petition under 28 U.S.C. §2255 would give the court jurisdiction to revise the Judgement and Commitment.[1] On April 2, 2007, counsel filed such a petition (Document 13).

    4. The court employed language in the Judgement and Commitment Order to give effect to the plea agreement and to comply with the provisions of Chapter Five of the United States Sentencing Guidelines Manual. The pertinent Guideline provisions state that the sentencing court should structure a conspiracy sentence to run concurrently with any undischarged term of imprisonment which was part of the relevant conduct of the conspiracy offense. See, U.S.S.G. Manual §5G1.3(b). The defendant was

---

[1]/Sentence computations done by the Bureau of Prisons are usually challenged under 28 U.S.C. §2241, not 28 U.S.C. §2255. The motion for relief under §2255 seemed the most expeditious way to give the defendant the benefit of his plea agreement.

arrested for the Maryland offense, a violation of 18 U.S.C. §922(g), possession of a firearm by a convicted felon, on 12/16/02 and the 57 month long sentence for the Maryland offense was computed with credit for time served commencing 12/16/02. The court imposed a sentence of 131 months to commence on 12/16/02 because that was the date for which the defendant was continuously detained on the firearm offense, which was an overt act in the conspiracy offenses charged in counts one and two of the criminal information to which the defendant pled guilty.

5. Ultimately, the court does not need to resolve any dispute between its own order and the BOP calculations which did not give effect to the court's order. The attached BOP Sentence Computation Summary suggests that if it were the court's intent to award credit for time served on an undischarged term of imprisonment, this can be accomplished by issuing a revised judgement and commitment order changing the sentence from 131 months to 82 months and 27 days, concurrent with the undischarged term of imprisonment effective on the date of sentencing, December 20, 2006.

6. The Government suggests that the court resolve this issue by granting the defendant's habeas petition and issuing an amended judgement and commitment order which revises the term of imprisonment at the top of page 3 to read as follows:

**"82 months and 27 days, concurrent as to counts one and two of the information *nunc pro tunc*, December 20, 2006 and concurrently with the undischarged sentence imposed in Cr. 02-0565(AW) by the U.S. District Court of Maryland."**

6. According to the BOP Sentence Computation Summary, this language will give effect to the court's intention of imposing a 131 month long sentence, concurrent with the undischarged period of imprisonment. The defendant will serve a sentence of 82 months and 27 days, commencing December 20, 2006 which term represents the remainder of a 57 month sentence previously imposed,

and another 76 month sentence thereafter, which is the total punishment intended by the court by imposition of sentence of 131 months.

                    Respectfully Submitted,

                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY

                    Darlene Soltys
                    Assistant United States Attorney
                    DC Bar # 431-036
                    Organized Crime and Narcotics Section
                    555 4th Street, N.W. –
                    Washington, D.C. 20001
                    (202) 514-8147

                    John P. Dominguez
                    Assistant United States Attorney
                    DC Bar # 959809
                    Organized Crime & Narcotics Section
                    555 4th Street, N.W. – Room 4247
                    Washington, D.C. 20001
                    (202) 514-7060
                    Fax: 202-514-8707

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by e-mail (ECF) on counsel for the following defendants on this 29th day of, May, 2007.

                    _____
                    John P. Dominguez
                    Assistant U.S. Attorney

U.S. Department of Justice

Federal Bureau of Prisons

**Sentence Computation Summary for Habeas Petition**

*Designation & Sentence Computation Center*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

TO:         John P. Dominguez, Assistant U.S. Attorney

FROM:       John O'Brien, Operations Manager, Bravo Team

RE:         Odle, Keith Allon
            Reg. No. 37633-037
            Docket No.'s: AW-02-0565
                          06-341

DATE:       May 21, 2007


DSCC Staff Member's Background

I have been assigned to review this inmate's habeas petition regarding his sentence computation. I have worked for the Bureau of Prisons since January 1995. I have worked in the area of inmate sentence computations since November 1995. I have been employed as an Operations Manager at the Designation and Sentence Computation Center since May 2006.

Explanation of Sentence Computation

On December 16, 2002, Mr. Odle was arrested by the United States Park Police for Unlawful Possession of a Firearm by a Convicted Felon. Mr. Odle remained in continuous U.S. Marshals custody (Maryland USM 129). On May 22, 2003, Mr. Odle was convicted of Title 18 U.S. Code Section 922(g)(1), Unlawful Possession of a Firearm by a Convicted Felon and sentenced to 57 months imprisonment (Maryland Dkt. AW-02-0565).

On November 27, 2006, Mr. Odle was indicted for (Count one) 21 U.S.C. 846, Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Phencyclidine, Ecstasy, and 5 Grams or More of Cocaine base and (Count two) 18 U.S.C. 1962(d), Conspiracy to Participate in a Racketeer Influenced Corrupt Organization (District of Columbia Presentence Investigation Report, Docket No. 06-341).

Mr. Odle was removed from Bureau of Prisons custody via writ of habeas corpus ad prosequendum on September 7, 2006. Mr. Odle was convicted on Counts one and two, of the preceding indictment and sentenced to "131 months as to counts one and two of the information effective 12/16/02. The terms of imprisonment shall be served concurrently."

Mr. Odle's sentences were computed to run consecutively for a total term of 188 months, commencing on May 22, 2003, with 158 days of prior custody credit. Mr. Odle has a projected release date of August 9, 2016.

Explanation of Administrative Remedies
I have reviewed SENTRY to determine if this inmate filed any administrative remedies on his sentence computation. I found that Mr. Odle has not filed an Administrative Remedy.

Explanation of Inmate's Allegations in Habeas Petition

This litigation response is at the Assistant U.S. Attorney's request in response to a 2255 motion.

DSCC Response to these Allegations

In response to these allegations, I conducted a review of Mr. Odle's sentence computation. Mr. Odle's sentence began May 22, 2003, the date of imposition under docket no. AW-02-0565. He received prior custody credits from his date of arrest on December 16, 2002, to May 21, 2003, and November 9, 2002, in accordance with 18 U.S.C. § 3585(b), which states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Mr. Odle received a 131 month sentence on counts one and two from the U.S. District Court, District of Columbia, under docket no. 06-341, on December 20, 2006. This sentence was silent as to the undischarged Maryland term of imprisonment. 18 U.S.C. § 3584, (1) Subsection (a) of Section 3584, applies and states in part, Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. As a result, the District of Columbia's term of imprisonment has been computed to run consecutively to the undischarged Maryland term in docket no. AW-02-0565.

In addition, the court ordered the 131 months effective on December 16, 2002. Bureau of Prisons Program Statement 5880.28, page 1 - 13, states, In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.

The United States Sentencing Commission Guidelines Manual, Chapter Five, Part H, page 417, 5G1.3(b)(1)& (2), provides the court the option of crediting the defendant credit on an undischarged term of imprisonment. If it was the court's intent to award credit for time served on the undischarged term of imprisonment, this can be accomplished by adjusting the term in effect from 131 months to 82 months and 27 days.

Final paragraph

If you have any questions regarding this summary, please contact me at (972) 595-3143.