# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)  Criminal No. 1:06-cr-00341 RMC<br>KEITH ODLE,   )<br>)<br>    Defendant.  )<br>_____) | |

## DEFENDANT KEITH ODLE'S REPLY TO "GOVERNMENT'S REPLY TO ODLE'S MOTION TO CORRECT HIS SENTENCE"

On May 29, 2007, the Government filed its response to Mr. Odle's Motion to Vacate, Set Aside or Correct his Sentence. The Government concurred with Mr. Odle's recommendation that the Court issue a revised Judgment and Commitment Order to reflect the Court's intent at sentencing in a manner that can be effectuated by the Bureau of Prisons. However, the Government contends that the appropriate revised sentence to accomplish that objective is 82 months, 27 days. As set forth in Mr. Odle's Memorandum in Support of his Motion and further detailed below, to reflect the Court's intent at sentencing, the sentence should instead be revised to 76 months.

In a May 21, 2007 memorandum from Mr. John O'Brien, a Bureau of Prisons official, which the Government appended to its Reply, Mr. O'Brien stated that the Court could effectuate the intent of its original Judgment (consistent with the parties' bargained for plea agreement) by imposing a sentence of 82 months and 27 days. See Memorandum of Mr. O'Brien to Mr. Dominguez at 2. However, Mr. O'Brien's memorandum set forth no analysis as to how he came

to this conclusion. In its reply, the Government adopted the 82 months, 27 days figure. See Reply at 3-4.

Undersigned counsel spoke with counsel for the Government on May 30, 2007. Mr. Dominguez indicated that he believed that the intent of the Judgment and Commitment Order was that Mr. Odle serve the equivalent sentence as if he had been sentenced to 131 months on December 16, 2002 (the date he was taken into custody on the felon in possession charge in the District of Maryland that was an overt act in furtherance of the conspiracies to which he pled guilty in this Court). Mr. Odle agrees with that premise.

Based on that premise, Mr. Dominguez asked Mr. O'Brien to calculate how much time would have been remaining on a 131-month sentence imposed on December 16, 2002 as of December 20, 2006, the date Mr. Odle was sentenced by this Court. Mr. O'Brien advised Mr. Dominguez that as of December 20, 2006, Mr. Odle would have had 82 months and 27 days remaining on a 131-month sentence imposed on December 16, 2002. Accordingly, the Government recommended to the Court that the revised Judgment and Commitment Order should reflect a sentence of 82 months, 27 days imposed *nunc pro tunc* on December 20, 2006, to be served concurrently with Mr. Odle's undischarged sentence.

Mr. Odle agrees with the Government's methodology. However, Mr. Odle respectfully submits that as of December 20, 2006, Mr. Odle would have had 75 months and 24 days (not 82 months and 27 days) remaining on a 131-month sentence imposed on December 16, 2002. Mr. Odle sets forth this calculation below and notes — as set forth in the Memorandum in Support of Mr. Odle's Motion to Vacate, Set Aside or Correct his Sentence, and the Declaration appended thereto — that Mr. Fowler of the Bureau of Prisons independently performed this calculation and came to the same result as does Mr. Odle (approximately 76 months).

If Mr. Odle had received a 131-month sentence on December 16, 2002, before consideration of good time credits his projected release date would have been November 15, 2013. As of December 20, 2006, Mr. Odle would have served 48 months of a 131-month sentence imposed on December 16, 2002 and would have earned 216 days (54 days per year times four years) of good time credit. Accordingly, as of December 20, 2006, his projected release date on the 131-month sentence would have been April 13, 2013. He would therefore have had 75 months, 24 days remaining on the sentence.

It would appear that Mr. O'Brien calculated how much time Mr. Odle would have had remaining on a 131-month sentence imposed on December 16, 2002 as of December 20, 2006 *without taking into consideration the good time credits he earned from December 16, 2002 through December 20, 2006*. (The difference between the 82 month, 27 day figure and the 75 month, 24 day figure is approximately 213 days, or the amount of good time credit earned by Mr. Odle between December 16, 2002 and December 20, 2006.) Thus, if the Court were to use the 82 month, 27 day figure, Mr. Odle would be able to earn good time credits from December 20, 2006 through his release date, but would be deprived of good time credits he already earned on the 57-month felon in possession sentence that he had nearly completed as of his December 20, 2006 sentencing in this Court. In other words, he would <u>not</u> be receiving the equivalent of a 131-month sentence imposed on December 16, 2002. If he received a 131-month sentence on December 16, 2002, he would earn good time credits during the entire duration of such a sentence. Conversely, under Mr. O'Brien's calculation, Mr. Odle would not be able to earn good time credits during the first four years of the 131-month sentence.

Looking at this another way, if Mr. Odle received a sentence of 131 months on December 16, 2002, his projected release date after consideration of good time credits would be August 6, 2012:

| 131 Months from 12/16/02 | | | |
|---|---|---|---|
| Sentence = 131 months<br>DSB = 12/16/2002<br>Full Term Date = 11/15/2013 | | | |
| Anniversary | Release Date | Credit | New Release Date |
| 12/16/2003 | 11/15/2013 | 54 | 9/22/2013 |
| 12/16/2004 | 9/22/2013 | 54 | 7/30/2013 |
| 12/16/2005 | 7/30/2013 | 54 | 6/6/2013 |
| 12/16/2006 | 6/6/2013 | 54 | 4/13/2013 |
| 12/16/2007 | 4/13/2013 | 54 | 2/18/2013 |
| 12/16/2008 | 2/18/2013 | 54 | 12/26/2012 |
| 12/16/2009 | 12/26/2012 | 54 | 11/2/2012 |
| 12/16/2010 | 11/2/2012 | 54 | 9/9/2012 |
| 12/16/2011 | 9/9/2012 | 34 | 8/6/2012 |

As of December 20, 2006, in order to impose a sentence that would result in the same projected release date after consideration of good time credit, one would have to impose a sentence of 75 months and 25 days:

| 75 Months, 25 Days from 12/20/06 | | | |
|---|---|---|---|
| Sentence = 75 months, 25 days<br>DSB = 12/20/2006<br>Full Term Date = 04/13/2013 | | | |
| Anniversary | Release Date | Credit | New Release Date |
| 12/20/2007 | 4/13/2013 | 54 | 2/18/2013 |
| 12/20/2008 | 2/18/2013 | 54 | 12/26/2012 |
| 12/20/2009 | 12/26/2012 | 54 | 11/2/2012 |
| 12/20/2010 | 11/2/2012 | 54 | 9/9/2012 |
| 12/20/2011 | 9/9/2012 | 34 | 8/6/2012 |

In sum, Mr. Odle agrees with the Government that the Judgment and Commitment Order should be revised to reflect the sentence that would be the equivalent of a 131-month sentence imposed on December 16, 2002 — as was intended by the Court in the original Judgment and

Commitment Order.  However, to accomplish this objective, the revised Judgment and Commitment Order should reflect a sentence of 76 months, not 82 months and 27 days.

                                      Respectfully submitted,

                                      KELLEY DRYE COLLIER SHANNON

By:            /s/
                  Barry J. Pollack
                  Dawn E. Murphy-Johnson
                  3050 K Street, N.W.
                  Washington Harbour – Suite 400
                  Washington, D.C.  20007
                  Telephone: (202) 342-8472
                  Facsimile:  (202) 342-8451

Date:  May 30, 2007                             *Counsel for Keith Odle*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant Keith Odle's Reply to "Government's Reply to Odle's Motion to Correct His Sentence" was served electronically (via ECF), this 30th day of May, 2007 upon counsel for the Government.

_____/s/_____
Dawn E. Murphy-Johnson
